UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Coda Holdings, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 13-11153 (CSS) |
| In re<br><br>Lio Energy Systems Holdings LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-11512 (____) |
| In re<br><br>Miles Electric Vehicles Limited,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-11511 (____) |

**MOTION OF THE NEW DEBTORS FOR AN ORDER DIRECTING THAT THEIR CASES BE JOINTLY ADMINISTERED WITH THE CHAPTER 11 CASES OF CODA HOLDINGS, INC. AND ITS AFFILIATED DEBTORS**

Lio Energy Systems Holdings LLC ("Lio") and Miles Electric Vehicles Limited ("Miles" and together with Lio the "New Debtors"), hereby file their motion (the "Motion") for joint administration of their respective bankruptcy cases with Coda Holdings, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (the "Original Debtors" and collectively with the New Debtors, the "Debtors") pursuant to Rule 1015(b) of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal employer identification numbers, are: Coda Holdings, Inc. (1892); Coda Automotive, Inc. (6800); Coda Energy LLC (3053); Coda Automotive (CA), Inc. (9109); and EnergyCS LLC (1359).

1 06/11/2013

LOSANGELES 1016478

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Motion, the Debtors refer to the *Declaration of John P. Madden* [Case No. 13-11153, Docket No. 12] (the "Madden Declaration"), filed on June 5, 2013 and incorporated herein by reference. In further support of the Motion, the Debtors respectfully represent:

## I. BACKGROUND

### A. Background

1. On May 1, 2013 (the "Petition Date"), each of the Original Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing their above-captioned chapter 11 cases. On June 11, 2013, each of the New Debtors filed a voluntary petition for relief under the Bankruptcy Code, thereby commencing their above-captioned chapter 11 case (collectively, the "Chapter 11 Cases"). The Debtors continue to manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On the Petition Date the Original Debtors filed a motion [D.I. 2] for an order directing that their Chapter 11 Cases be jointly administered. On May 3, 2013, the Court entered an order [D.I. 42] granting the motion of the Original Debtors for joint administration.

3. On the Petition Date the Original Debtors also filed a motion [D.I. 11] for an order approving the sale of the Original Debtors' assets under that certain asset purchase agreement free and clear of liens, claims and interests (the "Sale Motion").[2]

---

[2] Each capitalized term used but not otherwise defined herein shall have meaning ascribed to such term in the Sale Motion.

4.  On or about May 10, 2013 [D.I. 114], the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee"). As of the date hereof, no trustee or examiner has been requested or appointed in the Chapter 11 Cases.

5.  As part of a comprehensive settlement among the Debtors, the Debtors' debtor in possession lenders, certain prepetition secured creditors and the Creditors' Committee, the New Debtors have determined that it is necessary and proper to file chapter 11 petitions and become Sellers under the terms of the Sale Motion.

6.  As described in the Madden Declaration, the Debtors have close financial ties, including various shared obligations. An order authorizing the joint administration of the Chapter 11 Cases, including the New Debtors, therefore, will avoid needless duplication of costs and effort, ultimately, for the benefit of the Debtors, their estates, and creditors.

7.  Coda Holdings, Inc. Holdings is a privately held Delaware corporation headquartered in Los Angeles, California, and is the direct or indirect parent of the other Debtors and certain non-Debtor affiliates. Holdings was incorporated in 2009 and its predecessor, Miles Automotive Group, Ltd., was incorporated in 2005. The Note Obligations are secured by a security interest and lien in substantially all of Holdings' assets. In addition, Holdings granted security interests in substantially all of its assets in connection with the Term Loan Agreement.

8.  Coda Automotive, Inc. Automotive is a Delaware corporation and direct subsidiary of Holdings. Automotive is a guarantor of the Note Obligations, the Term Loan Obligations, and the Bridge Loan Obligations. In addition, Automotive granted security interests in its assets in connection with the Second Term Loan Agreement, for which Holdings and certain other Debtors are guarantors.

9. <u>Coda Automotive (CA) Inc.</u> Automotive (CA) is a Delaware Corporation and Holdings' direct subsidiary. Automotive (CA) is a guarantor of the Note Obligations, the Term Loan Obligations, the Second Term Loan Obligations, and the Bridge Loan Obligations.

10. <u>Coda Energy LLC.</u> Energy is a Delaware limited liability company and Holdings' direct subsidiary. Energy is a guarantor of the Note Obligations, the Term Loan Obligations, the Second Term Loan Obligations, and the Bridge Loan Obligations.

11. <u>EnergyCS LLC.</u> EnergyCS is Delaware limited liability company and Holdings' direct subsidiary. EnergyCS LLC is a guarantor of the Note Obligations, the Term Loan Obligations, and the Second Term Loan Obligations and the Bridge Loan Obligations.

12. <u>Lio Energy Systems Holdings LLC.</u> Lio is a Delaware limited liability company and Holdings' direct subsidiary. Lio is a guarantor of the Note Obligations and of the Debtors' debtor in possession financing facility.

13. <u>Miles Electric Vehicles Limited.</u> Miles is a Hong Kong entity and Lio's direct subsidiary. Miles is a guarantor of the Note Obligations and of the Debtors' debtor in possession financing facility.

## II.   JURISDICTION

14. The Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code"). This is a core proceeding pursuant to section 157(b) of the Judicial Code. Venue is proper before this Court pursuant to sections 1408 and 1409 of the Judicial Code.

## III.   RELIEF REQUESTED

15. By the Motion, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors request entry of an order (the "Proposed Order"), substantially in the form attached

hereto as <u>Exhibit A</u>, authorizing the joint administration of the New Debtors cases with the Chapter 11 Cases for procedural purposes only.

### IV. BASIS FOR RELIEF REQUESTED

16. Bankruptcy Rule 1015(b) provides, in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. 11 U.S.C. § 101(2). Accordingly, this Court is authorized to grant the relief requested herein.

17. In addition, Local Rule 1015-1 provides in pertinent part as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. . . .

Del. Bankr. L.R. 1015-1.

18. In support of this Motion, the Debtors concurrently file the Madden Declaration. As provided in the Madden Declaration, joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and all parties in interest.

19. Joint administration of the Chapter 11 Cases will expedite the administration of these cases and reduce administrative expenses without prejudicing any creditor's substantive rights. For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these cases will affect many or all of the Debtors, particularly in view of the close nexus between the Debtors arising out of their affiliate and

5

guaranty relationships. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases. Joint administration also will enable parties in interest in each of the Chapter 11 Cases to be apprised of the various matters before the Court in all of these cases.

20. Because the New Debtors' cases and the Chapter 11 Cases involve multiple Debtors with numerous parties in interest, the entry of an order of joint administration will: (a) significantly reduce the number of duplicate pleadings that otherwise would be filed with the Clerk of the Court; (b) simplify, for the Office of the United States Trustee, the supervision of the administrative aspects of these chapter 11 cases; (c) render the completion of various administrative tasks less costly; and (d) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced by the proposed joint administration of these cases as each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

21. Accordingly, the Debtors submit that joint administration of the above-captioned cases is in their best interests, as well as those of their respective estates, creditors and other parties in interest.

22. In addition, the Debtors request that the Court approve the form of caption set forth on <u>Exhibit 1</u> of the Proposed Order. The Debtors submit that the use of this caption, without specific reference to every debtor (other than in the footnote) and their individual case numbers, will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

6

23. Finally, the Debtors request that a docket entry reflecting the joint administration in these cases, in the form set forth in the Proposed Order attached hereto, be made in each of the New Debtors cases.

## V.   NOTICE

24. This Notice been provided to the Office of the United States Trustee for the District of Delaware, the DIP Agent, the Notes Agent, the Bridge Agent, the Term Loan Agent, the Second Term Loan Lender (as those terms are defined in the *Declaration of John P. Madden In Support of First Day Motions and Applications* [D.I. 10]) and their respective counsel, counsel to the Committee, Fairfax, and all parties requesting notices pursuant to Federal Rule of Bankruptcy Procedure Rule 2002.

25. No previous motion for the relief sought herein has been made to this or any other court.

## VI. CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit A; and (b) grant such additional relief as the Court deems just and proper.

Dated: June 11, 2013

**FOX ROTHSCHILD LLP**

By: _____
Jeffrey M. Schlerf (No. 3047)
John H. Strock (No 4965)
L. John Bird (No. 5310)
919 Market Street, Suite 1600
Wilmington, Delaware 19801
Telephone:   (302) 654-7444
Facsimile:    (302) 656-8920
JSchlerf@foxrothschild.com

*Attorneys for the Debtors and Debtors in Possession*

—and—

**WHITE & CASE LLP**
John K. Cunningham (*pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone:   (305) 995-5252
Facsimile:    (305) 358-5744
jcunningham@whitecase.com

Roberto J. Kampfner (*pro hac vice*)
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone:   (213) 620-7700
Facsimile:    (213) 452-2329
rkampfner@whitecase.com

*Proposed Special Counsel for the Debtors and Debtors in Possession*

LOSANGELES 1016478